UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| EDGAR LOPEZ, | ) | No. CV 18-04520-SVW (DFM) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| LOS ANGELES COUNTY SHERIFFS DEPARTMENT, et al., | ) | |
| Defendants. | ) | |

# I.

# INTRODUCTION

On May 24, 2018, Edgar Lopez ("Plaintiff"), an inmate at Los Angeles County Men's Central Jail filed pro se this civil rights action under 42 U.S.C. § 1983 and sought leave to proceed without prepayment of fees. See Dkts. 1 ("Complaint"), 2. The Court granted Plaintiff's request to proceed without prepayment of filing fees. See Dkt. 4.

The Complaint names the following defendants in their individual and official capacity: (1) the Los Angeles County Sheriff's Department ("LASD"); (2) Sergeant Martinez; and (3) Sergeant Soderlund. See id. at 3. Plaintiff

alleges that Defendants violated his First Amendment right to free exercise of his religion by prohibiting him from holding weekly services and from meeting with his volunteer chaplain for "chap[el] time." Id. at 5. Plaintiff also alleges, without additional detail, claims for "institutional mail," "law library," "cleanliness and sanitation," and "healt[h] & safety – urination in cambro (vessel)." Id. at 7. He seeks injunctive relief and monetary damages. See id. at 6.

Under 28 U.S.C. §§ 1915(e)(2) at 1915A, the Court must screen the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief. As discussed below, the Complaint suffers from numerous deficiencies and must be dismissed.

## II.

## SUMMARY OF FACTUAL ALLEGATIONS

At all relevant times, Plaintiff was an inmate and pretrial detainee at the Los Angeles County Men's Central Jail. See Complaint at 2. Plaintiff alleges that the LASD and jail officials do not allow Jehovah's Witnesses equal use of the chapel. See id. at 5. Specifically, Plaintiff alleges that the jail officials prohibit him from holding weekly Jehovah's Witnesses religious services, yet permitting practitioners of other religions to do so. See id. Plaintiff also alleges that Martinez improperly deprives Plaintiff of "chap[el] time" with his Jehovah's Witnesses volunteer chaplain. Id. at 5-6. Plaintiff contends that Martinez's claim that "there['s] – no room" is "not true." Id. at 5. Plaintiff has submitted internal grievances regarding this issue but alleges that the LASD has not "allow[ed him] any 1st / 2nd / or 3rd appeals process." See id. at 5. Plaintiff also alleges that Soderlund wrongfully issued Plaintiff a notification and disposition as to one of Plaintiff's grievances "with[]out any truth in regards to incident." Id. at 3.

2

# III.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must also construe the allegations of the complaint liberally and afford Plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See Cato, 70 F.3d at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

## IV.
## DISCUSSION

### A.    Official Capacity

The Complaint names each individual defendant in his or her official capacity. See Complaint at 3. The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon

v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Here, all defendants are officers or agents of the County of Los Angeles ("County"). Therefore, all of Plaintiff's claims against Defendants in their official capacities are tantamount to claims against the County. For purposes of this Order, the Court treats Plaintiff's claims against the Los Angeles County Sheriff's Department as tantamount to claims against the County. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (holding that naming municipal department as defendant is not appropriate means of pleading § 1983 action against municipality).

A local government entity such as the County of Los Angeles "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 694 (1978). Thus, the County may not be held liable for the alleged actions of the individual defendants whose alleged conduct gave rise to Plaintiff's claims unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91.

Here, aside from a passing mention of "policy & procedures," Plaintiff has not identified any specific policy statements or regulations of the County, or any officially adopted or promulgated decisions, the execution of which

inflicted the alleged injuries. Complaint at 6. He has also not alleged sufficient facts for the Court to "draw the reasonable inference" that the County has a governmental custom of committing the illegal acts alleged. The Court therefore concludes that Plaintiff has failed to allege sufficient facts for the Court to "draw the reasonable inference" that the County has a governmental custom of engaging in the kind of illegal conduct that Plaintiff alleges occurred here. Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Moreover, Plaintiff's claims against Martinez and Soderlund stem from alleged conduct by defendants in their personal capacity. Plaintiff's official capacity claims against the individual Defendants, as well as his claims against the County (which includes his claim against the Sheriff's Department), therefore fail.

**B.    First Amendment – Free Exercise of Religion**

Convicted inmates "retain protections afforded by the First Amendment" including the right to "the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citations omitted), superseded by statute on other grounds, 42 U.S.C. §§ 2000cc, et seq. Due to the mere fact of incarceration, however, a prisoner's First Amendment rights are necessarily "more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001). Consequently, an inmate retains only "those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Similar principles apply with respect to pretrial detainees. See Bell v. Wolfish, 441 U.S. 520, 545 (1979) (pretrial detainees retain "at least" the same constitutional

6

rights as convicted prisoners, including "freedom of . . . religion under the First and Fourteenth Amendments") (citations omitted); Pierce, 526 F.3d at 1209 (noting "as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline'" (citations omitted; alterations in original)); see also Bell, 441 U.S. at 546 ("A [pretrial] detainee simply does not possess the full range of [constitutional] freedoms of an unincarcerated individual."); Safouane v. Fleck, 226 F. App'x. 753, 764 (9th Cir. 2007) (as amended) (noting Ninth Circuit "[has] applied the same standards for [pretrial] detainees as for prisoners in considering First Amendment claims. . .").

To state a viable free exercise claim, a pretrial detainee essentially must allege that a government official "substantially burden[ed]" the plaintiff's exercise of a sincerely held religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not "reasonably related to legitimate penological interests." Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998); Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015); see also Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citations omitted). "[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego [his or] her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Jones, 791 F.3d at 1031-33 (a "substantial burden" must be "more than an inconvenience on religious exercise") (citations omitted). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. Holt v. Hobbs, 135 S. Ct. 853, 862 (2015).

Here, Plaintiff's conclusory allegations fail to state a cognizable claim. Plaintiff does not state any facts alleging how the denial of "religious services

weekly" and of "chap[el] time" with his volunteer chaplain so substantially burdens his religious practices, or otherwise deprives him of his "freedom to worship," that it amounts to a constitutional violation. Complaint at 5-6. Plaintiff also fails to allege whether the denial was reasonably related to legitimate penological interests and whether he had alternative means to practice his religion. Absent facts evidencing a substantial burden on his religious practice, Plaintiff's First Amendment claim must be dismissed. See Rivera v. Davey, No. 16-1817, 2017 WL 5625887, at *1-3 (E.D. Cal. Nov. 22, 2017) (dismissing First Amendment free exercise of religion claim where plaintiff was denied participation in "requested prayers and [Jewish] holiday events" and had failed to allege that the prison's denial substantially burdened his religious practice).

## C.   **Equal Protection**

Plaintiff also seeks "equal use" of chapels for his religious practices like "all other religions do." Complaint at 5-6. To the extent Plaintiff alleges an equal protection violation, Plaintiff has not provided sufficient facts to state a plausible claim. The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). This does not mean, however, that all inmates must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). Plaintiff must allege facts plausibly showing that "the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Here, Plaintiff does not allege any intent or purpose to discriminate against Plaintiff. Plaintiff also fails to allege any facts showing that he was treated differently because of his religious faith. Accordingly, insofar as Plaintiff seeks relief under the Equal Protection Clause of the U.S.

Constitution, Plaintiff's claim must be dismissed.

**D.   <u>Grievance Procedure</u>**

Plaintiff also contends that the LASD deprived him of "any 1st / 2nd / or 3rd appeals process" for his written grievances. <u>See</u> Complaint at 5. In general, a prisoner has no constitutional right to an effective grievance or appeal procedure, and actions in reviewing and denying inmate appeals cannot serve as a basis for liability under § 1983. <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); <u>see also</u> <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); <u>Wright v. Shapirshteyn</u>, No. 06-0927, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"). Other courts in the Ninth Circuit have held that "jail grievance procedures [likewise] do not create an enforceable substantive right under 42 U.S.C. § 1983." <u>Cooper v. Lassen Cty. Sheriff's Dep't</u>, No. 07-0080, 2007 WL 1101458, at *2 (E.D. Cal. Apr. 12, 2007); <u>see also</u> <u>Henderson v. San Joaquin Cty. Sheriff's Dep't</u>, No. 07-0174, 2007 WL 2947500, at *2 (E.D. Cal. Oct. 9, 2007) ("[T]his court is unaware of any precedent holding that pretrial detainees have such an interest" of "entitlement to a grievance procedure." (quoting <u>Mann</u>, 855 F.2d at 640)).

Here, Plaintiff alleges that Soderlund issued Plaintiff a notification and disposition regarding his filed grievance that lacked "any truth" with regard to

the "incident." Complaint at 5. The Court need not address the legality of Plaintiff's claim at this stage because the Complaint is factually deficient. Insofar as Plaintiff alleges a claim against Soderlund or any other defendant stemming from the grievance process, Plaintiff has not stated any specific facts describing what grievance he filed, what the "incident" was, and how Soderlund or any other defendant was involved. Accordingly, to the extent alleged, Plaintiff's grievance-related claim must be dismissed.

**E.    Miscellaneous Claims**

Plaintiff also alleges four miscellaneous claims: "Claims – 2, 3, 4, 5" for "institutional mail," "law library," "clea[nli]ness and sanitation," and "healt[h] & safety – urination in cambro (vessel)." Complaint at 7. These claims are facially vague and ambiguous. Because Plaintiff has not alleged sufficient facts under a cognizable legal theory in support of these claims, they must be dismissed. See Balistreri, 901 F.2d at 699.

## V.

## CONCLUSION

For the reasons discussed above, the Complaint fails to state a claim upon which relief may be granted and thus it must be dismissed. Because it is not absolutely clear that the Complaint's deficiencies cannot be cured by amendment, dismissal is with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a First Amended Complaint ("FAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment, or document. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

The Court notes Plaintiff's request for additional pages to allege his

second through fifth claims. <u>See</u> Complaint at 7. Plaintiff may handwrite or type the underlying facts of his additional claims on blank sheets of paper if he so chooses.

**Plaintiff is admonished that if he fails to timely file a timely FAC this action may be dismissed with prejudice for failure to diligently prosecute and for the reasons discussed in this Order.**

Dated:  August 7, 2018

DOUGLAS F. McCORMICK
United States Magistrate Judge